## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**UZOCHUKWUAMAKA PEACE NNAMCHI**      *
6801 Goodwin Street
Hyatsville, Maryland 20784      *

      Plaintiff      *

            *      Civil Action No. _____

v.      *

**HOWARD UNIVERSITY HOSPITAL**      *
2041 Georgia Avenue, N.W.
Washington, D.C. 20060      *

      Defendant      *

Resident Agent:
H. Patrick Swygert      *
President
Howard University Hospital      *
2041 Georgia Avenue
Washington, D.C. 20060      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### COMPLAINT AND JURY DEMAND

**NOW COMES** Uzochukwuamaka Peace Nnamchi (hereinafter "Plaintiff"), by and through her undersigned attorneys, and hereby sues Howard University Hospital (hereinafter "Defendant"), and for reason therefore states as follows:

### PARTIES

1.    Plaintiff Uzochukwuamaka Peace Nnamchi is an adult resident of the State of Maryland, Prince George's County.

2.    Plaintiff is a registered nurse and licensed to practice nursing in the District of Columbia.

1

3.    Defendant Howard University Hospital is a District of Columbia corporation and operates a facility in the District of Columbia.

4.    At all times relevant to this litigation, Defendant was an "employer" as contemplated by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*; D.C. Code Annotated §32-1301 *et seq.*; and D.C. Code Annotated 32-1001 *et seq.*

## JURISDICTION

5.    This claim arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*; accordingly, jurisdiction is proper pursuant to 28 U.S.C. §1331. In the alternative, jurisdiction is also proper due to the fact that there exists diversity of citizenship between the parties pursuant to 28 U.S.C. §1332. The Court has jurisdiction over Plaintiff's District of Columbia claims pursuant to 28 U.S.C. §1367.

6.    Venue in this District is proper pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS – WAGES AND OVERTIME

7.    Plaintiff was employed by Defendant in the District of Columbia as a nurse from on or about April, 1998 to January, 2005.

8.    During the course of her employment with Defendant, Plaintiff was paid on an hourly basis.

9.    Plaintiff was employed by Defendant in a "non-exempt" position; accordingly, Defendant was required to pay Plaintiff overtime for any hours that she worked in excess of 40 per workweek.

10.    During the course of her employment by Defendant, the terms and conditions of Plaintiff's employment with Defendant, including, but not limited to,

2

scheduling, compensation, work reviews and discipline, were under the sole and direct authority of Defendant.

11.    At no time during the course of her employment with Defendant did Plaintiff act as a manager or a supervisor.

12.    During the course of her employment with Defendant, Plaintiff did not hire, fire, discipline or have any involvement whatsoever in setting the terms and conditions of employment for any other employees employed by Defendant.

13.    During the course of her employment with Defendant, Plaintiff did not exercise "independent judgment" or "discretion", as those terms are interpreted by the Fair Labor Standards Act.

14.    During the majority of the time Plaintiff was employed by Defendant, Plaintiff worked in excess of 40 hours per workweek.

15.    During her assigned employment shifts with Defendant, Plaintiff was required by Defendant to remain on Defendant's property at all times.

16.    Plaintiff regularly and routinely worked and performed services for Defendant throughout her assigned employment shift.

17.    Plaintiff was regularly required and requested by Defendant to perform work in excess of 40 hours per workweek.

18.    Defendant failed to compensate Plaintiff for all of the hours that she worked in excess of 40 hours per workweek.

19.    Defendant failed to pay Plaintiff the required time and one-half her regular rate for the hours that Plaintiff worked in excess of 40 per workweek.

20.    Upon demand by Plaintiff, Defendant refused to pay Plaintiff the required overtime pay.

21.    Defendant's violations of federal and state wage and hour laws were willful, and were undertaken with Defendant's full knowledge that its actions violated the law. There exists no dispute that Plaintiff is owed wages and overtime wages by Defendant.

22.    Defendant has engaged in a pattern and practice of similar unlawful conduct against numerous of its employees. The same unlawful practices as alleged above have caused similarly situated employees not to be paid overtime compensation due them. Accordingly, these similarly situated employees are also due compensation from Defendant.

23.    Defendant's violations that have harmed other employees, and were willful and undertaken with Defendant's knowledge that its conduct was unlawful.

### FACTUAL ALLEGATIONS – UNLAWFUL TERMINATION

24.    Plaintiff was terminated by Defendant in retaliation for her reporting of Defendant's unlawful conduct regarding the non-payment of wages for all hours worked and for failure to pay overtime.

25.    Plaintiff was disciplined by Defendant after she reported and complained about Defendant's unlawful payment practices.

26.    Defendant's termination of Plaintiff was done with absolute and actual malice, with evil motive and intent, and with intentional disregard for its obligations under the law.

4

27. Defendant's termination of Plaintiff was willful and intentional, as those terms have been interpreted under both federal and state wage and hour laws.

28. Plaintiff has suffered substantial damage and harm as a direct result of Defendant's unlawful conduct.

29. Plaintiff has suffered significant losses in wages and benefits as a direct and proximate result of Defendant's unlawful conduct.

30. Plaintiff has suffered compensatory damages and emotional pain, suffering and harm as a direct result of Defendant's unlawful conduct.

31. Plaintiff is entitled to punitive damages from Defendant as a direct result of its outrageous and willful conduct against Plaintiff.

## FACTUAL ALLEGATIONS – COLLECTIVE ACTION
## AND CLASS ACTION STATUS

32. This action is brought collectively on behalf of all employees who have been denied wrongfully lawful compensation and overtime compensation by Defendant, and whom have suffered monetary losses as a result of Defendant's unlawful conduct.

33. Defendant Hospital has failed to, and long refused to, cure and remedy its known unlawful conduct.

## COUNT I
(Violation of the FLSA – Failure to Pay Overtime)

34. Plaintiff incorporates the allegations set forth in Paragraphs One through Thirty-Three as if stated fully herein.

35. Defendant violated the Fair Labor Standards Act by failing to pay Plaintiff her required overtime compensation.

36.     Defendant failed to pay Plaintiff the required time and one-half her regular rate for the hours that Plaintiff worked in excess of 40 per workweek.

37.     Upon demand by Plaintiff, Defendant has refused to pay Plaintiff the required overtime pay.

38.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant losses in wages and benefits, compensatory damages and emotional pain and suffering.

39.     Defendant's violations of the Fair Labor Standards Act are ongoing and willful violations of the Fair Labor Standards Act.

40.     Plaintiff is entitled to punitive damages from Defendant as a direct result of its outrageous and willful conduct against Plaintiff.

41.     This Count is asserted as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of, and to protect the rights of, all similarly situated employees of Defendant for the three years preceding the filing of this Complaint.

**WHEREFORE**, Plaintiff requests that:

A.     Defendant be ordered to pay Plaintiff for all overtime hours owed;

B.     Liquidated damages be assessed against Defendant;

C.     Plaintiff be awarded pre- and post-judgment interest;

D.     This action be designated as a collective action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees; and

E.      Plaintiff be awarded her attorneys' fees and costs for her prosecution of

this matter.

## COUNT II
(Violation of the FLSA – Failure to Pay for All Hours Worked)

42.     Plaintiff incorporates the allegations set forth in Paragraphs One through

Forty-One as if stated fully herein.

43.     Pursuant to the mandates of the Fair Labor Standards Act, Plaintiff is

entitled to be compensated for all hours worked.

44.     Upon demand by Plaintiff, Defendant has refused to pay Plaintiff the

compensation to which she is lawfully entitled.

45.     As a direct and proximate result of Defendant's conduct, Plaintiff has

suffered significant losses in wages and benefits, compensatory damages and emotional

pain and suffering.

46.     Defendant's actions in failing to pay Plaintiff her wages for all hours that

she worked constitutes a willful violation of the Fair Labor Standards Act.

47.     Plaintiff is entitled to punitive damages from Defendant as a direct result

of its outrageous and willful conduct against Plaintiff.

48.     This Count is asserted as a collective action under the Fair Labor

Standards Act, 29 U.S.C. § 216(b), on behalf of, and to protect the rights of, all similarly

situated employees of Defendant for the three years preceding the filing of this

Complaint.

**WHEREFORE**, Plaintiff requests that:

A.      Defendant be ordered to pay Plaintiff for all hours worked;

7

B.    Liquidated damages be assessed against Defendant;

C.    Plaintiff be awarded pre- and post-judgment interest;

D.    This action be designated as a collective action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees; and

E.    Plaintiff be awarded her attorneys' fees and costs for her prosecution of this matter.

## COUNT III
(Violation of the FLSA – Retaliation)

49.    Plaintiff incorporates the allegations set forth in Paragraphs One through Forty-Eight as if stated fully herein.

50.    Defendant violated the anti-retaliation provisions of 29 U.S.C. §215 by terminating Plaintiff in retaliation for her complaints and reporting of Defendant's unlawful conduct.

51.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant losses in wages and benefits, compensatory damages and emotional pain and suffering.

52.    Plaintiff is entitled to punitive damages from Defendant as a direct result of its outrageous and willful conduct against Plaintiff.

**WHEREFORE**, Plaintiff requests that:

A.    Defendant be ordered to pay Plaintiff for her lost wages and benefits and compensatory damages for her retaliatory termination by Defendant;

B.    Liquidated damages be assessed against Defendant;

C.    Plaintiff be awarded pre- and post-judgment interest; and

8

D.    Plaintiff be awarded her attorneys' fees and costs for her prosecution of

this matter.

### COUNT IV
(Violation of the D.C. Overtime Law - D.C. Code Annotated §32-1003 *et seq*.)

53.    Plaintiff incorporates the allegations set forth in Paragraphs One through

Fifty-Two as if stated fully herein.

54.    Defendant violated D.C. Code Annotated §32-1003 *et seq*. by failing to

pay Plaintiff her required overtime compensation.

55.    Defendant failed to pay Plaintiff the required time and one-half her regular

rate for the hours that Plaintiff worked in excess of 40 per workweek.

56.    Upon demand by Plaintiff, Defendant has refused to pay Plaintiff the

required overtime pay.

57.    As a direct and proximate result of Defendant's conduct, Plaintiff has

suffered significant losses in wages and benefits, compensatory damages and emotional

pain and suffering.

58.    Defendant's violations of D.C. Code Annotated §32-1003 *et seq*. were

willful violations of the Code.

59.    Plaintiff is entitled to punitive damages from Defendant as a direct result

of its outrageous and willful conduct against Plaintiff.

60.    There exists no bona fide dispute that the Plaintiff is owed the

compensation.

61.    This Count is asserted as a class action under the District of Columbia Superior Court Rules of Civil Procedure, on behalf of, and to protect the rights of, all similarly situated employees of Defendant for the three years preceding the filing of this Complaint.

**WHEREFORE**, Plaintiff requests that:

A.    Defendant be ordered to pay Plaintiff for all overtime hours owed;

B.    Penalty/liquidated damages be assessed against Defendant;

C.    Plaintiff be awarded pre- and post-judgment interest;

D.    This action be designated as a class action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees; and

E.    Plaintiff be awarded her attorneys' fees and costs for her prosecution of this matter.

## COUNT V
(Violation of the D.C. Overtime Law - D.C. Code Annotated §32-1301 *et seq.*)

62.    Plaintiff incorporates the allegations set forth in Paragraphs One through Sixty-One as if stated fully herein.

63.    Plaintiff is entitled to be fully and properly compensated for all hours worked pursuant to D.C. Code Annotated §§32-1301 *et seq*.

64.    In violation of D.C. Code Annotated §32-1301, Defendant failed to pay Plaintiff for all wages due for work she performed prior to her separation of employment with Defendant, on or before the day on which Plaintiff would have been paid had she still been employed.

10

65.     Defendant's actions in failing to pay all wages for worked performed were willful violations of D.C. Code Annotated §32-1301 *et seq*.

66.     There is no bona fide dispute as to the wages owed.

67.     This Count is asserted as a class action pursuant to the District of Columbia Superior Court Rules of Civil Procedure on behalf of and to protect the rights of all similarly situated employees of Defendant for the three years preceding the filing of this Complaint.

**WHEREFORE**, Plaintiff requests that:

A.     Defendant be ordered to pay Plaintiff for all overtime hours owed;

B.     Penalty/liquidated damages be assessed against Defendant;

C.     Plaintiff be awarded pre- and post-judgment interest;

D.     This action be designated as a class action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees; and

E.     Plaintiff be awarded her attorneys' fees and costs for her prosecution of this matter.

**COUNT VI**
(Violation of the D.C. Overtime Law - Retaliation)

68.     Plaintiff incorporates the allegations set forth in Paragraphs One through Sixty-Seven as if stated fully herein.

69.     In violation of D.C. Code Annotated §32-1010, Defendant terminated Plaintiff in retaliation for her complaints regarding, and her reporting of, the unlawful conduct set forth above.

11

70.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant losses in wages and benefits, compensatory damages and emotional pain and suffering.

71.     Defendant's retaliatory conduct against Plaintiff was willful and malicious.

72.     Plaintiff is entitled to punitive damages from Defendant as a direct result of its outrageous and willful conduct against Plaintiff.

**WHEREFORE**, Plaintiff requests that:

A.     Defendant be ordered to pay Plaintiff for her lost wages and benefits and compensatory damages for her retaliatory termination by Defendant;

B.     Liquidated damages be assessed against Defendant;

C.     Plaintiff be awarded pre- and post-judgment interest; and

D.     Plaintiff be awarded her attorneys' fees and costs for her prosecution of this matter.

### COUNT VII
(Retaliatory Termination)

73.     Plaintiff incorporates the allegations set forth in Paragraphs One through Seventy-Two as if stated fully herein.

74.     Plaintiff was terminated by Defendant in retaliation for reporting and complaining about Defendant's unlawful payment practices.

75.     Plaintiff's complaints and opposition regarding Defendant's unlawful payment practices constituted a protected activity under the law.

76.     Plaintiff suffered compensatory damages and pain and suffering due to Defendant's unlawful retaliation of her.

12

77.    Defendant's retaliatory conduct against Plaintiff was willful and malicious.

78.    Defendant's unlawful retaliatory termination of Plaintiff violated a clear mandate of public policy as recognized by District Columbia Code and common law.

**WHEREFORE**, Plaintiff requests that:

A.    Defendant be ordered to pay Plaintiff for her lost wages and benefits and compensatory damages for her retaliatory termination by Defendant;

B.    Punitive damages be assessed against Defendant;

C.    Plaintiff be awarded pre- and post-judgment interest; and

D.    Plaintiff be awarded her attorneys' fees and costs for her prosecution of this matter.

## PRAYER FOR JURY TRIAL

Plaintiff hereby requests that this matter be tried by a jury.

Respectfully submitted,

Douglas W. Desmarais (DC Bar #423228)
SMITH & DOWNEY, P.A.
One West Penn. Ave., Suite 950
Baltimore, MD 21204
(410) 321-9000 (phone)
(410) 321-6270 (fax)

*Counsel for Plaintiff*