IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UZCHUKWUAMAKA PEACE NNAMACHI<br>6801 Goodwin Street<br>Hyattsville, Maryland 20784<br><br>　　　　Plaintiff,<br><br>v.<br><br>HOWARD UNIVERSITY HOSPITAL<br>2041 Georgia Avenue, N. W.<br>Washington, D.C. 20060<br><br>　　　　Defendant. | Case Number 1:06CV00106<br>Judge Gladys Kessler |

## DEFENDANT HOWARD UNIVERSITY HOSPITAL'S ANWER TO PLAINITFF'S COMPLAINT

Defendant Howard University Hospital ("the Hospital"), by and through its undersigned counsel, hereby respond to the Complaint filed by Plaintiff Uzochukwuamaka Peace Nnamchi. In response to the numbered paragraphs of the Complaint, the Defendant denies each and every allegation of the Complaint except to the extent expressly admitted or qualified below.

## PARTIES

1. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint, and on that basis denies those allegations.

2. Defendant admits the allegation contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

**JURISDICTION**

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

**FACTUAL ALLEGATIONS – WAGES AND OVERTIME**

7. Defendant admits that the Plaintiff contracted her services to Howard University Hospital as a per diem nurse on or about June 1998 through December 2004, and denies the remaining allegations.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint, and on that basis denies those allegations.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 13 contains factual allegations, such allegations are hereby denied.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint, and on that basis denies those allegations.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Complaint, and on that basis denies those allegations.

18. Defendant admits in part and denies in part the allegations contained in paragraph 18 of the Complaint. During the course of Plaintiff's employment she was routinely paid overtime for the hours that she worked in excess of 40 hours. Plaintiff was not paid for some overtime hours in a timely manner. Defendant, upon knowledge of the alleged violation from Harold Cook, Investigator for the United States Department of Labor, Wage and Hour, immediately began to review Plaintiff's records to determine if she was entitled to additional overtime compensation. On August 10, 2005, after performing its due diligence and while working in conjunction with the United States Department of Labor Wage & Hour Division, Defendant forwarded a four thousand, six hundred, twenty-five dollars and fifty-five cents ($4,625.55) payment to Plaintiff. Defendant made this payment pursuant to the United States Department of Labor summary of unpaid wages understanding that any and all obligations to Plaintiff would be fulfilled by so doing.
Despite having received the payment on August 11, 2005, which was prior to the deadline established by the United States Department of Labor, Plaintiff filed the instant action on or about January 17, 2005. Defendant contends it has satisfied any and all obligations it has or had regarding payment of overtime to plaintiff, and that, absent some new unknown information, belies this paragraph is frivolous and filed in bad faith. Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant admits in part and denies in part the allegations contained in paragraph 19 of the Complaint. During the course of Plaintiff's employment she was routinely paid overtime for the hours that she worked in excess of 40 hours. Plaintiff was not paid for some overtime hours in a timely manner. Defendant, upon knowledge of the alleged

violation from Harold Cook, Investigator for the United States Department of Labor, Wage and Hour, immediately began to review Plaintiff's records to determine if she was entitled to additional overtime compensation.

On August 10, 2005, after performing its due diligence and while working in conjunction with the United States Department of Labor Wage & Hour Division, Defendant forwarded a four thousand, six hundred, twenty-five dollars and fifty-five cents ($4,625.55) payment to Plaintiff. Defendant made this payment pursuant to the United States Department of Labor summary of unpaid wages understanding that any and all obligations to Plaintiff would be fulfilled by so doing. Despite having received the payment on August 11, 2005, which was prior to the deadline established by the United States Department of Labor, Plaintiff filed the instant action on or about January 17, 2005. Defendant contends it has satisfied any and all obligations it has or had regarding payment of overtime to plaintiff, and that, absent some new unknown information, belies this paragraph is frivolous and filed in bad faith. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint. Plaintiff, contrary to her allegation, has refused to accept the payment tendered by the Defendant for all monies she alleged was due and owing her under the United States Department of Labor summary of unpaid wages.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

## FACTUAL ALLEGATIONS – UNLAWFUL TERMINATION

24. Defendant denies the allegations contained in paragraph 24 of the Complaint. Plaintiff was terminated for engaging in a verbal altercation with a subordinate employee in front of patients in violation of hospital policy prohibiting workplace violence.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 27 contains factual allegations, such allegations are hereby denied.

28. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 of the Complaint, and on that basis denies those allegations.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of the Complaint, and on that basis denies those allegations.

30. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 of the Complaint, and on that basis denies those allegations.

31. Paragraph 31 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 31 contains factual allegations, such allegations are hereby denied.

## FACTUAL ALLEGATIONS – COLLECTIVE ACTION AND CLASS ACTION STATUS

32. Paragraph 32 of the Complaint does not contain factual allegations to admit or deny. To

      the extent that paragraph 32 contains factual allegations, such allegations are hereby denied.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

**COUNT I**
**(Violation of the FLSA - Failure to Pay Overtime)**

34. Defendant incorporates by reference its above-stated answers to the allegations set forth in paragraphs 1 through 33 of the Complaint.

35. Paragraph 35 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 35 contains factual allegations, such allegations are hereby denied.

36. Defendant admits in part and denies in part the allegations contained in paragraph 36 of the Complaint. During the course of Plaintiff's employment she was routinely paid overtime for the hours that she worked in excess of 40 hours. Plaintiff was not paid for some overtime hours in a timely manner. Defendant, upon knowledge of the alleged violation from Harold Cook, Investigator for the United States Department of Labor, Wage and Hour, immediately began to review Plaintiff's records to determine if she was entitled to additional overtime compensation. On August 10, 2005, after performing its due diligence and while working in conjunction with the United States Department of Labor Wage & Hour Division, Defendant forwarded a four thousand, six hundred, twenty-five dollars and fifty-five cents ($4,625.55) payment to Plaintiff. Defendant made this payment pursuant to the United States Department of Labor summary of unpaid wages understanding that any and all obligations to Plaintiff would be fulfilled by so doing. Despite having received the payment on August 11, 2005, which was prior to the deadline established by the United States Department of Labor, Plaintiff filed the instant

action on or about January 17, 2005. Defendant contends it has satisfied any and all obligations it has or had regarding payment of overtime to plaintiff, and that, absent some new unknown information, belies this paragraph is frivolous and filed in bad faith. Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint. Defendant incorporates by reference its response herein to the allegations contained in paragraphs 18 and 19. Further, Plaintiff, contrary to her allegation, has refused to accept the payment tendered by the Defendant for all monies she alleged was due and owing her under the United States Department of Labor summary of unpaid wages.

38. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of the Complaint, and on that basis denies those allegations.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 40 contains factual allegations, such allegations are hereby denied.

41. Paragraph 41 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 41 contains factual allegations, such allegations are denied.

## COUNT II
### (Violation of the FLSA - Failure to Pay for All Hours Worked)

42. Defendant incorporates by reference its above-stated answers to the allegations set forth in paragraphs 1 through 41 of the Complaint.

43. Paragraph 43 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 43 contains factual allegations, such allegations are hereby denied.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 45 of the Complaint, and on that basis denies those allegations.

46. Paragraph 46 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 46 contains factual allegations, such allegations are hereby denied.

47. Paragraph 47 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 47 contains factual allegations, such allegations are hereby denied.

48. Defendant incorporates by reference its above-stated answers to the allegations contained in paragraphs 1 through 47 of the Complaint. Contrary to the assertion by Plaintiff herein, Defendant denies that this count properly establishes a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), moreover, the allegations made in paragraph 48 of the Complaint are legal conclusions that require no response. Defendant contends it has satisfied any and all obligations it has or had regarding payment of overtime to plaintiff, and that, absent some new unknown information, belies this paragraph is frivolous and filed in bad faith.

### COUNT III
### (Violation of the FLSA -- Retaliation)

49. Defendant incorporates by reference its above-stated answers to the allegations set forth in paragraphs 1 through 48 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 51 of the Complaint, and on that basis denies those allegations.

52. Paragraph 52 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 52 contains factual allegations, such allegations are hereby denied.

### COUNT IV
**(Violation of the D.C. Overtime Law – D.C. Code Annotated § 32-1003 *et. seq.*)**

53. Defendant incorporates by reference its above-stated answers to the allegations set forth in paragraphs 1 through 52 of the Complaint.

54. Paragraph 54 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 54 contains factual allegations, such allegations are hereby denied.

55. Defendant admits in part and denies in part the allegations contained in paragraph 55 of the Complaint. During the course of Plaintiff's employment she was routinely paid overtime for the hours that she worked in excess of 40 hours. Plaintiff was not paid for some overtime hours in a timely manner. Defendant, upon knowledge of the alleged violation from Harold Cook, Investigator for the United States Department of Labor, Wage and Hour, immediately began to review Plaintiff's records to determine if she was entitled to additional overtime compensation.

    On August 10, 2005, after performing its due diligence and while working in conjunction with the United States Department of Labor Wage & Hour Division, Defendant forwarded a four thousand, six hundred, twenty-five dollars and fifty-five cents ($4,625.55) payment to Plaintiff. Defendant made this payment pursuant to the United States Department of Labor summary of unpaid wages understanding that any and all obligations to Plaintiff would be fulfilled by so doing. Despite having received the payment on August 11, 2005, which was prior to the deadline established by the United States Department of Labor, Plaintiff filed the instant action on or about January 17,

2005. Defendant denies the remaining allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 57 of the Complaint, and on that basis denies those allegations.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 59 contains factual allegations, such allegations are hereby denied.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint. Defendant compensated Plaintiff for all monies due and owing under the Department of Labor's unpaid wages summary.

61. Defendant incorporates by reference its above-stated answers to the allegations contained in paragraphs 1 through 60 of the Complaint. As such, contrary to the assertion by Plaintiff herein, Defendant denies that this count properly establishes a class action under the District of Columbia Superior Court Rules of Civil Procedure. Defendant contends it has satisfied any and all obligations it has or had regarding payment of overtime to plaintiff, and that, absent some new unknown information, belies this paragraph is frivolous and filed in bad faith.

### COUNT V
**(Violation of the D.C. Overtime Law - D.C. Code Annotated §32-1301 *et. seq.*)**

62. Defendant incorporates by reference its above-stated answers to the allegations set forth in paragraphs 1 through 61 of the Complaint.

63. Paragraph 63 of the Complaint does not contain factual allegations to admit or deny. To

the extent that paragraph 63 contains factual allegations, such allegations are hereby denied.

64. Defendant admits that plaintiff was not paid all wages due her prior to her separation of employment and denies the remaining allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 67 contains factual allegations, such allegations are hereby denied.

## COUNT VI
### (Violation of the D.C. Overtime Law - Retaliation)

68. Defendant incorporates by reference its above-stated answers to the allegations set forth in paragraphs 1 through 67 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 70 of the Complaint, and on that basis denies those allegations.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

## COUNT VII
### (Retaliatory Termination)

73. Defendant incorporates by reference its above-stated answers to the allegations contained in paragraphs 1 through 72 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 75 contains factual allegations, such allegations are hereby denied.

76. Paragraph 76 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 76 contains factual allegations, such allegations are hereby denied.

77. Paragraph 77 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 77 contains factual allegations, such allegations are hereby denied.

78. Paragraph 78 of the Complaint does not contain factual allegations to admit or deny. To the extent that paragraph 78 contains factual allegations, such allegations are hereby denied.

## AFFIRMATIVE DEFENSES

For further and separate answer to Plaintiffs' Complaint, and in answer to each purported allegations and cause of action therein, and by way of affirmative defense, Defendant aver as follows:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's complaint, and each and every cause of action and count contained therein, fails to state a clam upon which relief can be granted and is uncertain.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts and alleges that, by exercise of reasonable effort, Plaintiff could have mitigated the amount of damages Plaintiff allegedly suffered, if any. However, Plaintiff has failed and refused to mitigate her damages.

12

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by estoppel, accord and satisfaction, waiver, and any other equitable defense found to be factually merited during the course of discovery in this action.

### FOURTH AFFIRMATIVE DEFENSE

If plaintiff suffered the damages as alleged, which fact Defendants expressly deny, then such damages resulted from a preexisting or subsequent event or condition for which the Defendants would not be responsible.

### FIFTH AFFIRMATIVE DEFENSE

If plaintiffs suffered the damages alleged, which fact Defendants expressly deny, then such damages resulted from other and further reasons for which Defendants would not be responsible.

### SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional defenses, as they may become known through discovery in this case.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer, to add additional or other defenses; to delete or withdraw a defense; and to add counterclaims as they may become necessary after reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendants respectfully request that the Plaintiffs' Complaint be dismissed with prejudice and that the Court award to Defendants attorneys' fees, costs, and such further relief as the Court deems appropriate.

                        Respectfully submitted,

**BY:**    **HOWARD UNIVERSITY HOSPITAL**

Repunzelle R. Johnson
Federal Bar # 466323
Associate General Counsel
Office of the General Counsel
2400 6th Street, N.W., Suite 321
Washington, D.C. 20059
(202) 806-2650 (Office)
(202) 806-6357 (Facsimile)

*Attorney for Defendant*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of February, 2006. A copy of the foregoing Defendant Howard University Answer to Plaintiff's Complaint was sent via first class mail, postage prepaid, to:

Douglas W. Desmarais
SMITH & DOWNEY, P.A.
One West Penn. Avenue
Suite 950
Baltimore, MD 21204

*Attorney for Plaintiff*