IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UZOCHUKWUAMAKA PEACE NNAMCHI** | * |
| Plaintiff | * |
| | * Civil Action No. 06-106(GK) |
| v. | * |
| | * |
| **HOWARD UNIVERSITY HOSPITAL** | * |
| Defendant | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S STATUS REPORT TO COURT & REQUEST FOR MODIFICATION OF SCHEDULING ORDER**

Plaintiff Uzochukwuamaka Peace Nnamchi, by her counsel, submits the following status report to the Court:

**RELEVANT BACKGROUND**

**1.** Defendant's counsel is away from her office for several days. Plaintiff has directed several emails to Defendant's counsel about the urgent need to file this pleading. Defendant's counsel has, via email, consented to the filing of this pleading, requesting that Plaintiff be objective in describing Defendant's delays.

**2.** Since March 2006, the Parties have engaged in timely and extensive written discovery (interrogatories, document requests and requests for admissions). The parties have resolved the discovery disputes between them and have, with the consent of this Court, reached agreement as to the handling and designation of confidential documents.

**3.** Defendant had agreed to produce all responsive documents on July 28, 2006. However, Defendant did not do so and produced only a very limited group of documents on that date. *See* EXHIBIT 1, letter dated August 1, 2006 to Defendant ("We believe the document production to be seriously deficient."). Defendant did not respond in writing to this letter, but represented again that all responsive documents would be produced soon. Defendant agreed with Plaintiff's

request to enter into a tolling agreement for certain claims due to Defendant's delays in producing responsive documents.

**4.** On August 10, 2006, Defendant prepared and Plaintiff agreed to the filing of a Joint Status Report (EXHIBIT 2), in which Defendant wrote:

> Plaintiff has been given on-site access to certain Howard University records. Additional documents remain to be reviewed on-site. Certain scheduling conflicts have arisen regarding when Defendant shall be able to access and provide Plaintiff additional on-site review. These conflicts include the following:
> > a. Difficulty in returning and unpacking Howard University records to their original locations after major renovations to offices where they are normally situated. This has been complicated by vacation schedules and other absence of personnel.
> > b. Other major discovery projects relating to the records to be unpacked and returned, some of which precede the discovery requests made by Plaintiff.
> > c. The necessity of working with other Howard University departments to identify, locate and review payroll and other personnel records relating to three years of employees. Here, too, vacation and other prior discovery requests are slowing the process.
> > d. Unavailability of ultimate reviewing personnel due to preplanned vacation and other intervening business and personal commitments.
>
> The earliest time during which all of the remaining documents requested by Plaintiff will be available for on-site review will be mid-September 2006. …
>
> The Parties suggest the following schedule to the Court:
> > a. **Plaintiff's on-site access to Howard University records shall be provided beginning on the week of September 18, 2006.**
> > b. The Parties shall have until October 13, 2006 in which to serve any additional written discovery relating to the certification of a class.
> > c. All depositions relating to the certification of a class shall be completed no later than December 15, 2006.
> > d. The Parties shall submit to the Court a supplemental Progress Report not later than December 29, 2006.
>
> (emphasis added).

**5.** On August 14, 2006, this Court approved the Joint Status Report by Minute Order.

**6.** Defendant did not comply with its representation that all responsive documents would be produced during the week of September 18, 2006.

**7.** Plaintiff made numerous inquiries to Defendant about the status of the promised document production. Requests for the production were made on September 6, 2006, September 15, 2006, September 20, 2006, September 22, 2006, September 28, 2006, October 3, 2006, and October 4, 2006. See EXHIBIT 3. In these requests, Plaintiff specifically advised Defendant that it should "file an amended report on the progress …, advising the Court of modified dates." *Id*. *See* September 28, 2006 request to Defendant. Defendant did not respond.

**8**. The document production finally occurred on October 11, 2006, approximately 10 weeks after the complete production was to take place originally.

**9.** On October 12, 2006, Plaintiff advised Defendant that "due to Defendant's delays in production, we need do need to advise the court that the production has now been completed and ask for the schedule to be moved back six weeks. I believe HUH[defendant] should be responsible for this." EXHIBIT 4.

**10.** On October 13, 2006, Defendant told Plaintiff to "go and file" the status report. EXHIBIT 5.

## REQUESTED CHANGE TO CASE SCHEDULE

**11.** The parties request the following schedule to the Court:

    **a.** The Parties shall have until December 1, 2006 in which to serve any additional written discovery relating to the certification of a class.

    **b.** All depositions relating to the certification of a class shall be completed no later than February 1, 2007.

    **c.** The Parties shall submit to the Court a supplemental Progress Report not later than February 14, 2007.

**12.** The parties stand ready to answer any questions that the Court may have about this matter.

**13.** A tolling agreement has been entered into by the parties so that class and collective opt-in

members are not and have not been prejudiced by Defendant's delays in producing documents.

                                        Respectfully submitted,

                                        /s/

                                      _____
                                      Stephen B. Lebau, Esq.
                                      Lebau & Neuworth, LLC
                                      606 Baltimore Avenue - 201
                                      Baltimore, Maryland  21204
                                      410.296.3030 (tel.)
                                      410.296.8660 (fax)

                                      Attorneys for Plaintiff

### Certificate of Service

I hereby certify that a copy of the foregoing was served on the following counsel for Defendant by e.mail, by this document being e.filed and by First Class U.S. Mail postage prepaid:

                            Barbara E. Nicastro, Esquire #428563
                            Law Offices of Barbara E. Nicastro
                            4414 North Nineteenth Street
                            Arlington, Virginia 22207

                                        /s/
                                    _____
                                    Stephen B. Lebau, Esq.