# EXHIBIT 2

Case 1:06-cv-00106-GK    Document 15-3    Filed 10/13/2006    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UZOCHUKWUAMAKA PEACE NNAMCHI    \*
Plaintiff                                            \*
                                                     \* Civil Action No. 06-106(GK)
v.                                                   \*
                                                     \*
HOWARD UNIVERSITY HOSPITAL      \*
Defendant                                            \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PARTIES' JOINT STATUS REPORT TO COURT

Plaintiff Uzochukwuamaka Peace Nnamchi and Defendant Howard University Hospital, by their respective counsel, submit the following status report to the Court:

1. Since March, 2006, the Parties have engaged in timely and extensive written discovery (interrogatories, document requests and requests for admissions).

2. The parties have resolved the discovery disputes between them and have, with the consent of this Court, reached agreement as to the handling and designation of confidential documents.

3. Plaintiff has been given on-site access to certain Howard University records. Additional documents remain to be reviewed on-site. Certain scheduling conflicts have arisen regarding when Defendant shall be able to access and provide Plaintiff additional on-site review. These conflicts include the following:

   a. Difficulty in returning and unpacking Howard University records to their original locations after major renovations to offices where they are normally situated. This has been complicated by vacation schedules and other absence of personnel

   b. Other major discovery projects relating to the records to be unpacked and returned, some of which precede the discovery requests made by Plaintiff.

   c. The necessity of working with other Howard University departments to identify, locate and review payroll and other personnel records relating to three years of

1

employees. Here, too, vacation and other prior discovery requests are slowing the process.

d. Unavailability of ultimate reviewing personnel due to pre-planned vacation and other intervening business and personal commitments.

4. The earliest time during which all of the remaining documents requested by Plaintiff will be available for on-site review will be mid-September.

5. The parties have, on August 8, 2006, entered into a Tolling Agreement that will permit Plaintiff's counsel to have the time necessary to review the remaining Howard University documents and conduct other necessary non-written discovery in order to ascertain whether, and to what extent, class certification is appropriate. The Tolling Agreement tolls the limitations period on the alleged federal Fair Labor Standards Act claims for opt-in claimants.

6. The parties have agreed that, with the Court's consent, they will have an additional fifteen (15) days after Plaintiff's document review has been completed in which to file additional written discovery.

7. The parties contemplate, after the completion of any written discovery served pursuant to paragraph 6, the necessity for taking depositions for the purpose of ascertaining whether, and to what extent, class certification is appropriate. The Parties believe that between four and eight depositions may be necessary.

8. The Parties suggest the following schedule to the Court:

a. Plaintiff's on-site access to Howard University records shall be provided beginning on the week of September 18, 2006.
b. The Parties shall have until October 13, 2006 in which to serve any additional written discovery relating to the certification of a class.
c. All depositions relating to the certification of a class shall be completed no later than December 15, 2006.
d. The Parties shall submit to the Court a supplemental Progress Report not later than December 29, 2006.

2

9.  The Parties believe that, upon completion of the aforesaid depositions, they will be in a position to recommend to the Court the nature of appropriate alternative dispute resolution methods that would best suit the claims in this case.

Respectfully submitted,

/s/

Stephen B. Lebau, Esq.
Lebau & Neuworth, LLC
606 Baltimore Avenue - 201
Baltimore, Maryland 21204
410.296.3030; 410.296.8660 (fax)

Attorneys for Plaintiff


/s/
Barbara E. Nicastro, Esquire #428563
Law Offices of Barbara E. Nicastro
4414 North Nineteenth Street
Arlington, Virginia 22207
703-841-0740; 703-841-0894 (fax)

Attorney for Defendant